CHASTAIN v. CHASTAIN.

No. 32209.    May 14, 1946.

*169 P. 2d 212.*

H. P. Walker, of Miami, for plaintiff in error.

Ad V. Coppedge, of Grove, for defendant in error.

HURST, V.C.J.   The plaintiff, J. C. Chastain, sued the defendant, Hazel Chastain, for divorce, custody of two minor children, a boy and girl ages 15 and 13 years, respectively, and for the 130 acres of land on which they resided prior to the separation.   The defendant filed an answer and cross-petition asking for a divorce, custody of the minor children, a fair share of the property and a monthly allowance.   The court found that the parties were in equal fault and awarded the defendant a di-

vorce, custody of the minor children, and as her "separate property, permanent alimony and proportionate share" of the property, all the personal property on the premises and the 65 acres of the farm on which the improvements are located. The plaintiff was awarded the remaining 65 acres. No money alimony or support money was given defendant. Plaintiff appeals.

The appellant's sole contention is that the division of property was unfair and against the weight of the evidence. Most of the evidence relates to the question of divorce, and very little to the property. The parties separated in 1941 and at that time the personal property consisted of about 50 head of hogs, 7 head of cattle, 3 horses, 1 mule, 500 bushels of oats, 125 bushels of wheat, 200 bushels of corn, 50 bushels of sweet clover seed and some farming implements. Some of this property was consumed and some was sold and the proceeds applied on the debts of plaintiff. This action was filed in January, 1945, and the record does not disclose just what personal property then remained on the premises. The evidence shows the land awarded to the defendant is more valuable than that awarded to the plaintiff.

Under 12 O.S. 1941 § 1278 the court is given a wide judicial discretion in allowing alimony and dividing the property, and, since such actions are of equitable cognizance, the finding and judgment of the court therein will not be disturbed unless it is clearly against the weight of the evidence. Hayes v. Hayes, 178 Okla. 206, 62 P. 2d 62; Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786. The burden was on plaintiff to point out wherein the judgment is clearly against the weight of the evidence. Clark v. Clark, 177 Okla. 542, 61 P. 2d 28.

After considering the evidence in the light of the foregoing rules, we are unable to say that the judgment is clearly against the weight of the evidence.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.