MARTIN v. MARTIN.

No. 34237.   Feb. 12, 1952.

*240 P. 2d 1057.*

W. O. Moffett, Tulsa, for plaintiff in error.

M. C. Spradling, Tulsa, for defendant in error.

ARNOLD, C. J.   This is an appeal by H. A. Martin from a decree of the district court of Tulsa county granting a divorce to the wife, Ruby Martin, awarding the custody of three minor children of the parties to the mother, providing for their support and for a division of property.

The defendant in his brief states that the only questions to be determined here are the custody of the three minor children and the division of the property of the parties.

The three children whose custody was awarded to the mother are: Mary Alice, 14; Patsy Irene, 12; William Hugh, 8. The only assignment of error which directly questions the correctness of the trial court's order in this respect is the third, which reads:

"The court was in error herein, in failing to find whether or not said children involved in this cause were over the ages of fourteen years, and if over such ages, it should have considered the fact of defendant in error's fitness to take care of said children."

It is true that plaintiff works outside the home but this is explained by her as being necessary because of the inability of defendant to get out of debt and the needs of the family which could be met in no other way. Neighbors testified to her attention and care for the children and her home. At the time of the trial she was assistant probation officer of Tulsa county. There was ample testimony, if believed by

the trial court, to justify its conclusion that plaintiff is a fit and proper person to have the care, custody, and control of these young children, while there was testimony, which if believed, militated strongly against the fitness of defendant for such a trust.

We cannot say that the trial court disregarded the statutory admonition of 30 O. S. 1941 §11, and abused its discretion by making this order. Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Bell v. Bell, 196 Okla. 130, 162 P. 2d 548; Bowring v. Bowring, 196 Okla. 520, 166 P. 2d 415.

On the other reviewable phase of this judgment, that of the division of the property of the parties, defendant asserts that the court gave plaintiff too much and that in this respect the judgment reflects bias and prejudice. This is defendant's ninth assignment of error.

The property awarded to the wife consists of the five-room home in which she and the minor children are living, together with the household furniture and kitchen equipment therein contained, with no award of other alimony. Title to this property has at all times been vested in plaintiff who acquired it with the aid of her brother, the latter furnishing a portion of the purchase price. Defendant has assisted plaintiff in meeting installments of the balance thereon as they fell due. Defendant was awarded the automobile and his personal effects including the tools used in his occupation. He was required to pay the costs of the action, the court having expressly found that he was at fault as respects the divorce.

By the language of 12 O. S. 1941 §1278, the trial court is vested with a broad discretion in determining what is just and equitable in the division of either separate or jointly acquired property between parties to a divorce action, and unless it is clearly shown that such determination is against the weight of the evidence and constitutes an abuse of discretion, the judgment will not be reversed. The burden of

making such showing rests upon the party complaining. Clark v. Clark, 177 Okla. 542, 61 P. 2d 28; Chastain v. Chastain, 197 Okla. 131, 169 P. 2d 212.

The weight of the evidence sustains the judgment.

Affirmed.