TSCHAUNER v. TSCHAUNER.

No. 34703.    June 10, 1952.

*245 P. 2d 448.*

G. Raymond Bassman and Jack E. Gordon, Claremore, Wesley E. Disney, Joe B. Houston, Gerald B. Klein, and James P. Melone, Tulsa, for plaintiff in error.

H. Tom Kight, Jr., and Ralph B. Brainard, Claremore, for defendant in error.

HALLEY, V. C. J.    This is an appeal by Olive Tschauner from a judgment of the district court of Rogers county entered December 28, 1949. She had sued Ralph L. Tschauner for divorce, property division, permanent alimony, attorneys' fees, and costs. She was granted a decree of divorce and for property division, but was denied per-

manent alimony. The decree of divorce is not at issue here, but she complains of the property division and because the court denied her permanent alimony.

The parties were married in 1928, at which time the plaintiff had a young daughter and $225 in cash. The defendant had cash and personal property amounting to $13,000 or $14,000, and shortly before they were married, out of that sum, he paid $6,600 for a drugstore in Claremore, which he continued to own during their married life. It is not clear just what became of the balance of the property owned by defendant before marriage. It apparently had become intermingled with jointly-acquired property and was not definitely identified at the time of the divorce.

The defendant appears to have devoted most of his time to the operation of the drugstore and the improvement of a large home which the parties bought for about $3,000 in 1932. The plaintiff also assisted in operating the drugstore, and for most of the time that she worked there she was paid a weekly salary. She made a small profit from the operation of two small hotels, and spent her income in caring for her daughter and improving the home.

Plaintiff complained that the defendant often drank excessively and compelled her to take over the operation of the drugstore while he was incapacitated. He claimed that his drinking was only occasional. They separated for a short time in 1942, but were reconciled and continued to live together until December, 1948, when the plaintiff went to California and then to Las Vegas, Nevada, where her sister lived, and remained there until the following April. Defendant remained at the drugstore, except for some short trips to see relatives in Nebraska.

The only issues presented by this appeal are whether the court erred in refusing the granting of permanent alimony to the plaintiff, and whether the property settlement is just, fair, and equitable under all the facts and circumstances before this court.

In addition to the home and drugstore, the defendant had acquired a half interest in a 630-acre farm, and some additional land in the city of Claremore. He spent a considerable sum in improving the home and drugstore. They had acquired some life insurance policies, beauty parlor equipment, and two automobiles. The testimony as to the value of their various properties varies widely. For example, the plaintiff's evidence placed the value of the drugstore at from $19,000 to $20,000 while the defendant's evidence fixed it at from $8,500 to $11,000.

Neither party attempted to place any value on the defendant's separate interest in the drugstore, or to prove what part of the drugstore, if any, was jointly acquired.

Plaintiff's testimony as to the value of the home ranged from $7,000 to $7,500, while that of the defendant valued the home at from $18,000 to $25,000. Plaintiff's testimony as to the value of the furniture and fixtures in the home ran from $725 to $1,500, while defendant's evidence placed a value of from $1,500 to $3,979 on the furniture and home equipment, not including a baby-grand piano which cost $600.

The plaintiff's evidence places a total valuation on all property owned by the parties at from $61,188.91 to $63,486.91, while defendant's evidence fixes a total valuation of from $62,936.91 to $75,515.91.

Under the testimony produced by plaintiff, the property awarded to her was valued at from $14,786 to $16,084, and the value of that awarded to defendant at from $46,802.91 to $47,402.91.

Under the testimony produced by defendant, the property awarded to the plaintiff was worth from $27,084 to $37,163, and that awarded to the defendant from $35,852.91 to $38,352.91.

Where the evidence as to the value of the various properties differs so widely, it is difficult to say with any degree of certainty what value should be placed upon the property awarded to each party by the decree.

The plaintiff is 52 years of age and the defendant is 50 years of age, and he appears to have had considerable experience and skill in managing a drugstore. Plaintiff was a nurse prior to their marriage. The plaintiff worked and helped to build up the jointly-acquired property, and no fault is found in her as a wife.

The plaintiff complains that the defendant and his witnesses placed an exorbitant value upon such property as the home and its fixtures because it was already in her name and she was expected to be awarded that property.

As to the drugstore, it is claimed by the plaintiff that the defendant placed too low a valuation thereon in the belief that it would be awarded to him.

The drugstore business prospered, and from 1944 to 1948 the net profit from the drugstore for each of these years amounted to from more than $6,000 to more than $11,000 per year, or an average annual profit of $8,056.97.

Very little profit, if any, was made from the farm owned by the defendant and his brother.

The value of the 630-acre farm which was awarded to the defendant was $25 per acre, or a total of $15,750, half of which belonged to the defendant. There is no disagreement on its valuation. The livestock on the farm had a value of $2,482.50 at the time of the trial.

Plaintiff contends that defendant accumulated large sums of cash at the drugstore and that at one time he brought to their home $30,000 in cash. She admitted that she took $4,000 of this money but there is no evidence as to what became of the balance, if it in fact existed. Defendant denies ever having had that amount in cash, and the trial court evidently believed the defendant on this point.

The principal items awarded to the plaintiff were the home, furniture and fixtures, a 1938 Packard car, life insurance policies of the face value of $5,000, and cash on hand amounting to $1,784. All of the other property not specifically granted to the plaintiff was awarded to the defendant, including the drugstore and all equipment therein, the interest in the farm and livestock above mentioned, cash on hand in the sum of $4,875.06, and beauty shop equipment valued at $200. In addition to the property awarded to the plaintiff, the court ordered the defendant to pay her the sum of $7,500 at $125 per month.

Sec. 1278 of Title 12, O.S. 1951, provides in part as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

The above section has been construed many times by this court, and we have

held that the granting or denying of permanent alimony rests within the sound discretion of the trial court. In Hill v. Hill, 197 Okla. 697, 174 P. 2d 232, the rule is announced in the body of the opinion as follows:

"We have repeatedly held that the allowance of permanent alimony rests in the sound discretion of the trial court to be exercised in view of husband's estate and ability, wife's condition and means, and conduct of the parties, and that same will not be disturbed on appeal unless clearly against the weight of the evidence. Doutt v. Doutt, 73 Okla. 213, 175 P. 740; McCarty v. McCarty, 193 Okla. 18, 141 P. 2d 103; and Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957."

We find no abuse of discretion in refusing to grant permanent alimony to the plaintiff.

The aforementioned section also provides that property acquired by the parties jointly during their marriage shall be divided between the parties as may appear just and reasonable to the court, and in Tobin v. Tobin, 89 Okla. 12, 213 P. 884, we said:

"In doing so, the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of the jointly accumulated properties shall be given to each of the parties."

An action for divorce, alimony and division of property is one of equitable cognizance, and a judgment dividing the jointly-acquired property will not be disturbed on appeal unless it is clearly against the weight of the evidence. Chastain v. Chastain, 197 Okla. 131, 169 P. 2d 212.

We will not say that the division made of the property here was inequitable, when the record shows that the defendant, at the time of marriage, had at least $13,800, including the $6,600 with which he had purchased the drugstore, and which investment, together with the efforts of the parties, has been the big income-producer of their married life. It would have been grossly unfair to take this drugstore from the defendant, to the success of which he has contributed so much. At least $6,600 of the value of the drugstore is still the separate property of the defendant, and if he were not entitled to the whole store as his separate property, he would still be entitled to the $6,600 with interest at 6 per cent since marriage. Pereira v. Pereira, 156 Cal. 1, 103 P. 488, 23 L.R.A. (N.S.) 880; Katson v. Katson, 43 N.M. 214, 89 P. 2d 524; 41 C.J.S., Husband and Wife, section 479, par. (d), p. 1017. The insurance with the most cash surrender value went to the plaintiff.

The trial judge was a long-time resident of the community where this action arose. He knew the principals, the witnesses, and the value of the property involved. We believe he made a proper disposition of the case.

Judgment affirmed.

WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.