## ALLEN v. ALLEN.
### No. 35794.

Supreme Court of Oklahoma.
April 20, 1954.

Ryan Kerr, Altus, for plaintiff in error.

W. J. Ivester, Altus, for defendant in error.

WILLIAMS, Justice.

Eugene Allen, hereinafter called plaintiff, filed an action for divorce against Ester Allen, defendant. Defendant filed a cross-petition and was granted a divorce on the ground of extreme cruelty. The trial court awarded the household goods to the defendant and divided the real property, which consisted of a house and two lots, equally between the plaintiff and defendant.

The defendant appeals from the division of the property. This is the single issue presented.

The evidence discloses that plaintiff and defendant were married June 23, 1943. Sometime during that year they bought two lots in Altus, Oklahoma, and the next year bought a house for $200 and moved it on to the lots. They occupied this house as their home and made improvements thereon which enhanced the value of the property until at the time of the trial it was appraised at $1,100. In July, 1945, plaintiff executed to defendant, a deed to the house and lot. Defendant argues that this real property was her separate property. If the finding that the property was jointly acquired is sustained by the evidence the judgment should be affirmed. Greer v. Greer, 194 Okl. 181, 148 P.2d 156; Martin v. Martin, 206 Okl. 35, 240 P.2d 1057. In support of her contention defendant argues that on or about December 18, 1946, she paid plaintiff $100 for the extra lot. Plaintiff does not deny that he received the $100, but denies that it was his intention to part with the entire title to the lot. Defendant further argues that she paid $900 in debts over the years of their marriage out of her separate earnings. She also testified that she paid $460 for a panel truck which plaintiff needed in his work. She argues that since the home place was deeded to her and since she bought the lot for $100 considering the payments made for the truck and the $900 she paid in debts she is entitled to all of the real property.

The decree made no disposition of a truck. The record is uncertain as to whether plaintiff still has the truck. The decree disposed of the household goods and the real property.

We have held that the question of whether or not the property acquired and owned is jointly acquired is one of fact. In Martin v. Martin, supra, we said:

"Before this court will reverse an order adjusting property rights in a divorce proceeding it must clearly appear that the trial court abused its discretion."

The testimony is in conflict. There is substantial evidence that despite the constant marital difficulties both plaintiff and defendant worked and both contributed to the acquisition of the property; that at the time of the filing of the divorce action it was held jointly and was the jointly acquired property of plaintiff and defendant. The trial court did not err in dividing the real property. It constituted the home and only place of abode of either plaintiff or defendant and was as shown by substantial evidence acquired by their joint efforts and industry.

Judgment affirmed.