### WITT v. WITT.

No. 35448.

Supreme Court of Oklahoma.

March 16, 1954.

Rehearing Denied April 20, 1954.

As Corrected July 2, 1954.

Application for Leave to File Second Petition for Rehearing Denied July 7, 1954.

Mandate Issued Dec. 2, 1954.

Fred King, Guymon, E. O. Northcuff, Amarillo, Tex., for plaintiff in error.

Vincent Dale, Guymon, and Tucker, Vance & Hobbie, Liberal, Kan., for defendant in error.

PER CURIAM.

Anna Frances Witt brought this action in which she asked that the defendant, Henry Witt, her husband, be required to account for all crops in which she had an interest and for all monies received by him since the execution of a separation agreement between the two, and specific performance of said contract. The parties will be referred to as they appeared in the trial court.

For several years prior to 1950 plaintiff and defendant together with their seven children were engaged in farming operations under a partnership agreement.

Because of domestic difficulties the partnership was dissolved in 1950.

On the same day that the partnership was dissolved plaintiff and defendant entered into a separation agreement whereby they consented and agreed to live separate and apart for the rest of their natural lives and their property was divided.

The defendant acquired ownership of three quarter sections of land in Texas County, known as the "home place" subject to the right of the plaintiff "to occupy the property as her home, and shall manage said property and receive all income therefrom, except the mineral royalties which shall go to said first party; * * *"

At the time of the separation agreement the defendant had this land planted in wheat and harvested in July 1950. He continued to live on the home place against the wishes of the plaintiff who had elected to occupy it herself.

The defendant has cited several assignments of error but they can be narrowed down to two:

1. That the Court erred in holding that under the terms of the separation agree-

ment the defendant could not claim the home place as his home, and that he was not to reside thereon and said home place was not to be considered as his place of residence, and

2. That the Court erred in ordering the Sheriff of Texas County to deliver to the elevator either at Mouser or Hooker, Oklahoma, 2330 bushels of wheat stored in the home place, to be sold for the benefit and use of plaintiff.

The separation contract entered into by the parties was valid and authorized by 32 O.S.A. § 6. In Stark v. Stark, 185 Okl. 348, 91 P.2d 1064, 1068, we held

"Separation contracts entered into by husband and wife are valid and enforceable in the absence of fraud, overreaching, or unconscionable conduct."

The contract provided that the parties would live separate and apart. We hold that the defendant was properly excluded from the home which had been awarded to the plaintiff by contract.

The defendant contends that he cannot be excluded from the home because of the provisions of O.S.A. Title 32, § 2:

"The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto."

We hold that the Statute has no application where the marital relationship has been modified by the execution of a separation agreement.

The plaintiff contended and the Court held that she was entitled to the landlord's share of the wheat planted and harvested by the defendant on the home place. It was ordered that the landlord's share of the wheat be delivered by the Sheriff to an elevator for the credit of the plaintiff. We see no error in the Court's ruling. The separation agreement provided that the legal title to the home place was to be vested in defendant, but that plaintiff should have the right to manage the property and receive all of the income therefrom.

In 41 O.S.A. § 19 provides:

"The occupant of any lands, without special contract shall be liable for the rent to any person entitled thereto."

Under this statute the plaintiff was entitled to the rent.

Defendant contends that he is not liable for the rent on the home place because under the contract he had to pay plaintiff $300 per month for seven months and a payment of $3,630 and also that under the contract plaintiff received a residence and some vacant lots in the town of Hooker, Oklahoma.

He further contends that the contract does not specifically provide for the payment of rents.

It is plain from an examination of the separation agreement that the cash payments and the Hooker property had nothing to do with the liability for crop rent.

Defendant in Error (Plaintiff below) complains about that part of the trial court's judgment holding that under the separation agreement she was entitled to take certain personal property described as $22,000 in promissory notes known as the "Witt-Haynes notes"; that the actual balance unpaid on said notes at the time of the execution of said agreement, including accrued interest, was $23,628; and that the excess over $22,000 should be divided between the parties.

It is pointed out that Defendant in Error (Plaintiff below) filed no cross-petition in error in this case; therefore, the only appeal that is before us is that of the Plaintiff in Error (Defendant below); and that part of the judgment of the trial court complained of by the Defendant in Error (Plaintiff below) in her brief has become a final judgment and will not be further noticed herein.

The judgment of the trial Court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

712

This Court acknowledges the services of attorneys Joe N. Shidler, Preston Woodruff and Truman B. Rucker, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.