Isabelle J. CREECH, Plaintiff in Error,

v.

Merl D. CREECH, Defendant in Error.

No. 36789.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Luttrell & Luttrell, Norman, for plaintiff in error.

Paul Pugh, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This is an action by Merl D. Creech against defendant Isabelle J. Creech, his wife, for divorce and division of jointly acquired property. Plaintiff's action is predicated on extreme cruelty and incompatibility. He was a resident of Oklahoma County at the time it was brought.

In her answer defendant specifically denied that she had been guilty of cruelty and incompatibility. By cross-petition she sought a divorce on the ground of incompatibility and prayed for an equitable division of jointly acquired property and for alimony. The trial court denied plaintiff's application for divorce, but granted defendant the divorce and alimony on her cross-petition. The decree also distributed the parties' jointly acquired property between them.

Defendant herein appeals, contending that the trial court's division of the jointly acquired property is inequitable and unjust and does not award her a fair share of the property. She also contends that the alimony awarded her is inadequate.

The evidence shows that the parties were married September 28, 1928, and neither party had then accumulated any property. Plaintiff was then attending the University of Oklahoma on a scholarship. During this schooling, defendant obtained a position with the Southwestern Bell Telephone Company at Oklahoma City and from her wages she supported the family and assisted plaintiff through school. About two years subsequently, plaintiff graduated and obtained a position as an instructor in Tulsa University. He remained there about nine months. He thereafter obtained positions at Pittsburg, Chicago and other places.

Thereafter, in September, 1941, the couple returned to Norman, where plaintiff was engaged at the University of Oklahoma as a professor. He still holds this position in which he receives a salary of $6,000 per year. Ever since the couple's aforesaid

return to Norman, defendant has been re-employed by the telephone company and during all this time has thereby earned $60 per week. Defendant contends that, during their marriage, the parties have acquired property of the total value of $30,990.35, of which the share the decree awarded her has a value of only $13,325, while that awarded the plaintiff is worth $17,665.35. She invoices the value of all of the couple's property as follows:

| | |
|---|---|
| Real Estate at 820 W. Eufaula St. Norman, Oklahoma $9,750 mortgaged for $6,000 equity in property, | $3,750.00 |
| Home at 602 South Ponca Street, Norman, Oklahoma, | 9,500.00 |
| A T & T Stock and debentures, | 3,100.00 |
| U. S. Savings Bonds maturity value | 1,950.00 |
| Buick automobile | 800.00 |
| Professional library, | 6,204.41 |
| Shop tools and equipment, | $2,000.00 |
| Office equipment, | 1,735.94 |
| Photographic equipment, | 500.00 |
| Binoculars, | 200.00 |
| Household. goods | 1,000.00 |
| Luggage | 250.00 |
| Total value of property | $30,990.35 |

The items of property awarded plaintiff by the decree are as follows: Equity in the real estate at 820 W. Eufaula Street, Norman, Oklahoma; professional library; shop tools and equipment; office equipment; photographic equipment; binoculars; luggage; U. S. Savings Bonds with maturity value of $1,825 and A T & T Debentures valued at $400. Defendant asserts the evidence shows the total value of this list of property is $17,765.35. According to her argument, this valuation of the property awarded plaintiff leaves the property awarded her valued at the remainder of the above cited total evalution, or only $13,325.

However, in estimating the value of the property awarded plaintiff, defendant estimates the value of the library, office equipment, etc., at the amount plaintiff had invested therein. It is asserted that such property has little, if any, actual value; that it has only a usable value to plaintiff, which is what he has actually invested in it, being, according to the evidence, $10,640.43; and that said property should be charged to him at that figure. However, the evidence shows that said property has an actual value of only $2,120. Using this

figure for the computation, the value of the total property awarded plaintiff would amount to only $9,244.92, instead of $17,665.35. Defendant's contention that the trial court's distribution of the jointly acquired property is inequitable and unjust and that she has not received a fair share thereof, is not supported by the evidence and cannot be sustained.

The alimony which the decree awarded defendant was the sum of $3,000 payable at the rate of $50 per month, commencing on the 5th day of January, 1954. Defendant contends this amount is inadequate and should be substantially increased.

The general rule as stated in McCarty v. McCarty, 193 Okl. 18, 141 P.2d 103, is:

"Where a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound judicial discretion of the trial court, and is to be exercised with reference to established principles, and on a view of all the circumstances, such as the husband's estate and ability, at the time the divorce is granted, the wife's condition and means, and the conduct of the parties."

In Tschauner v. Tschauner, 206 Okl. 586, 245 P.2d 448, 449, we held:

"An action for divorce, alimony and division of property is one of equitable cognizance, and the judgment of the trial court will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence."

The evidence shows that plaintiff is fifty-five years of age and has no income other than his $6,000 per year salary. Defendant is forty-five years of age, is employed by the Southwestern Bell Telephone Company, and is receiving a salary or wage in excess of $3,000 per year. As we have seen, the property awarded plaintiff had an actual value of $9,244.92, while that awarded defendant had an actual value of $13,325. Considering all the facts and circumstances in the case, we cannot say that the court abused its discretion in the amount

of alimony awarded, or that the judgment in this respect is clearly against the weight of the evidence. Therefore, it must be, and is, hereby affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.