Zelma M. MILLER, Plaintiff in Error,

v.

Charles A. MILLER, Defendant in Error.

No. 42028.

Supreme Court of Oklahoma.

June 10, 1969.

Miskovsky, Sullivan, Embry, Miskovsky & Turner, Oklahoma City, for plaintiff in error.

E. W. Keller, Oklahoma City, for defendant in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court as in the lower court and will be referred to by their trial court designation. Plaintiff wife sued her defendant husband for divorce, division of property and alimony. The defendant filed a cross-petition for divorce. On February 3, 1966, the trial court granted a divorce

to both parties, decreed division of property, and refused to award plaintiff any alimony. Plaintiff appeals, complaining that the court erred in denying her any alimony.

Plaintiff and defendant were married in January, 1952, when she was about 44 years and he was about 36 years of age. At that time the plaintiff was employed by the Oklahoma Tax Commission and owned her home in Oklahoma City, which had a mortgage thereon for about $3000. Defendant had no property and earned between $4000 and $5000 per year as an employee of the federal government. In 1954 the parties moved to Tulsa, Oklahoma, where they bought a home, and from that time they occupied separate beds in separate rooms. In June, 1955, they sold their Tulsa home and took back from the purchasers a note and third mortgage for $2154, payable $17 per month. They returned to Oklahoma City, and in December, 1957, acquired a new home by paying $4100 for equity above the existing mortgage. The parties borrowed this $4100 and plaintiff returned to her employment with the Oklahoma Tax Commission to assist in paying this debt. The residence owned by plaintiff at the time of the marriage had been rented and it appears the rental was $100 per month for some years prior to the divorce. The mortgage on this property had been satisfied at some undisclosed time prior to 1965. In the meantime the defendant had received salary increases from the federal government until, at the time of the divorce in February, 1966, he was receiving $10,987 per year. No children were born of the marriage.

On November 24, 1964, the defendant withdrew $1500 from the parties' savings account, leaving a balance of $1552.53. On the same date the parties personally prepared and executed a separation agreement in which defendant, in addition to other things, agreed to pay plaintiff $150 "each month until such time as she should remarry." The full provisions of this instrument will be hereinafter related.

On November 12, 1965, plaintiff filed the instant divorce action, alleging incompatibility, and praying for temporary support of $250 per month, costs and attorney fees, division of property and permanent alimony. Plaintiff's petition does not mention the parties' separation agreement and consequently no relief by way of enforcement of its terms was asked in the petition. Defendant filed an answer and cross-petition asking for a divorce on the grounds of incompatibility.

At the trial the only testimony given was that of the plaintiff and defendant. Plaintiff introduced in evidence the parties' separation agreement of November 24, 1964. Under its terms, and our interpretation of the evidence relative to approximate value and amount, the plaintiff received the parties' home property (equity value $7770), all furniture, the balance in the parties' joint savings account ($1552), parties' joint bank account ($94), defendant's salary check of 11–20–64 ($298), jointly owned United States savings bonds (3 bonds with $25 maturity value each), automobile ($750 to $800, at time of trial), and defendant agreed to pay plaintiff $150 per month until she should remarry. Defendant executed releases of the savings and checking accounts, and within a few days gave plaintiff a deed to the home property. Property and funds not mentioned in the agreement, which were retained by plaintiff, were, plaintiff's rental house—value $9000, and a "house" savings account standing in her name in the approximate amount of $1600. Under the agreement the defendant received a 1957 Plymouth automobile, for which he received $175 in a "trade in" on another car. In addition and not mentioned in the agreement the defendant received the $1500 he withdrew from the joint savings account, a portable TV set of unexpressed value, and his clothes.

The evidence reflected that defendant had paid plaintiff the $150 per month up to and after the filing of the divorce action; that plaintiff's salary for 1964 was $4020, and for 1965 was $4300; and that the parties' individual worth had not changed to

any marked degree between the separation and the trial, about 14 months later. Plaintiff testified she required $450 per month to support herself and that her "take home" pay, plus the net rental from her property, and plus the $150 (paid by defendant) amounted to $480, that she had pain in her back, neck, right shoulder and arm since December, 1962, and that the contemplated retirement benefits of her position were small. She testified she was asking the court to award her $250 per month alimony. The evidence shows that plaintiff was custodian of the parties' earnings and defendant was given relatively small sums for and when his personal needs arose. Defendant testified he entered into the separation agreement because he thought it was the right thing to do under the then existing circumstances, but, he now thought the agreement unfair because plaintiff had filed for divorce and demanded more money with no regard to "what kind of a financial bind or predicament that she put" defendant in. Defendant stated in effect that plaintiff's economic condition was such that she could live comfortably.

The trial court awarded plaintiff, as her share of the parties' property and in complete settlement of her alimony rights, the home dwelling, the furniture and contents therein, the automobile, all money in the savings accounts and in the checking account, and the note and mortgage derived from the sale of the Tulsa property. The court awarded defendant the automobile he had acquired since the separation (on which he owed $1634), the television set, and three United States Savings bonds, with $25 at maturity value, then in his possession. The trial court found generally that the parties' separation agreement was inequitable, and rejected it, and held it not binding on the parties.

Plaintiff contends the separation agreement between the parties as to support was binding on the court, and that the trial court erred in rejecting the agreement in the absence of fraud, duress, or inequitable conduct on the part of the parties.

Plaintiff relies on 32 O.S.1961, § 6, as authorizing the parties to enter into the separation agreement. The defendant does not dispute that the cited statute permits contracts between husband and wife as to property, and agreements between them for separation and for the support of either of them during such separation.

Plaintiff then cites Murphy v. McElroy, 185 Okl. 388, 92 P.2d 369; Stark v. Stark, 185 Okl. 348, 91 P.2d 1064, and Witt v. Witt, Okl., 280 P.2d 709, for the proposition that separation contracts entered into by husband and wife are valid and enforceable in the absence of fraud, overreaching, or unconscionable conduct. Plaintiff contends this rule of law applies in the instant case. The cited cases are not in point. They are representative of that class of cases where a separation contract is made and no divorce is had, or the parties are divorced without the contract being merged into the decree or extinguished by it, and an action is later brought to enforce the obligations of the contract. The above statement of law is applicable in such cases.

In the present case the separation contract was not mentioned in the pleadings, but the plaintiff introduced it in evidence and there was testimony concerning the circumstances under which it was made and about the acts of the parties and the values and amounts of the items disposed of therein. It became an issue in the action. The court decided this issue by declaring the contract inequitable and rejecting the contract and holding it not binding on the parties.

The rule in this state is that when a separation agreement, settling property rights and alimony, is presented to the court in a divorce proceeding the trial court is not required to follow the same in whole or in part, but may approve and adopt the agreement, reject it entirely, or modify it as the facts and circumstances may warrant. Blount v. Blount, Okl., 425 P.2d 474, 477, and cases cited therein to this effect. This is the law applicable in the present case.

The trial court was not bound, as a matter of law, to approve the terms of the parties' separation agreement.

Plaintiff also contends that the trial court abused its discretion in denying alimony to plaintiff.

In Honeywell v. Honeywell, Okl., 344 P. 2d 589, the trial court made a division of property and denied the plaintiff wife alimony. We affirmed, and stated as follows:

"In a divorce action the trial court is vested with discretion in making a division of the jointly acquired property of the parties and in the granting of alimony. In absence of abuse of such discretion judgment of the trial court making a division of such property and awarding or denying alimony will not be set aside upon appeal."

■ The trial court rejected the separation agreement, but the divorce decree did award to plaintiff all that she would have received under the agreement, except that the decree did not award plaintiff any alimony. In the absence of any statement by the trial judge of his reasons for denying alimony to plaintiff, we can only conclude that the award to plaintiff of practically all of the jointly acquired property and funds was, under all of the circumstances and in equity, considered sufficient to satisfy plaintiff's property and alimony rights. From our examination of the record and considering the value of the property and the money received by plaintiff, supra, we cannot say that the trial court abused its discretion in denying plaintiff any alimony.

■ An action for divorce, alimony and division of property is one of equitable cognizance, and the judgment of the trial court will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. Creech v. Creech, Okl., 292 P.2d 376.

It is our conclusion that the judgment, as regards alimony, is not clearly contrary to the weight of the evidence.

Affirmed.

All Justices concur.