**Nita Jo DIXON, Appellant,**

v.

**Kenneth DIXON, Appellee.**

No. 84334.

Court of Appeals of Oklahoma,
Division No. 3.

May 14, 1996.

---

David L. Wilson, Stigler, for Appellant.

William G. LaSorsa and C. Michael Zacharias, Corbitt, LaSorsa, Rineer & Zacharias, Tulsa, for Appellee.

## OPINION

ADAMS, Vice Chief Judge:

In this appeal from a divorce action, Appellant Nita Jo Dixon (Wife) argues that the trial court erred in characterizing certain properties as joint marital assets rather than her separate property. Wife argues testimony by Appellee Kenneth Dixon (Husband), admitted over her objection, about the source of certain property which the parties had stipulated was joint marital property should not have been allowed into evidence. She claims that because of these errors a monetary award given her to equalize the property division was too low by over forty thousand dollars.

 Such allegations of error in a divorce action require us to review all of the evidence, and to disturb the trial court's judgment only if we determine the trial court's decision was an abuse of discretion and clearly contrary to the weight of the evidence. *Forristall v. Forristall,* 831 P.2d 1017 (Okla.App.1992). Further, because a divorce is an action of equitable cognizance, the trial court is vested with wide discretion in dividing property. *Peters v. Peters,* 539 P.2d 26 (Okla.1975). Oklahoma's statutory law provides only that marital property be distributed in a manner which is "just and

reasonable" and that end may be accomplished by either severing property and awarding part to each party or by awarding property to one and compensation to the other. *Teel v. Teel*, 766 P.2d 994 (Okla.1988). Such a division need not be absolutely "equal," but it must be equitable. *Stansberry v. Stansberry*, 580 P.2d 147 (Okla.1978).

▪ When faced with conflicting testimony, the trial court, who has the opportunity to view both the record ultimately transmitted on appeal and the behavior and demeanor of the witnesses, will be affirmed unless the record demonstrates an abuse of discretion or that its determination is against the clear weight of the evidence. *See Mueggenborg v. Walling*, 836 P.2d 112 (Okla.1992). It is not enough that the evidence will support an opposing viewpoint, and the trial court's judgment need not rest on uncontradicted evidence. *Carpenter v. Carpenter*, 645 P.2d 476 (Okla.1982). The burden of showing that the trial court abused its discretion in adjusting the rights to marital property is upon the party complaining. *Martin v. Martin*, 206 Okl. 35, 240 P.2d 1057 (1952); *Lincoln v. Lincoln*, 840 P.2d 41 (Okla.App.1992). With these standards in mind, we review the errors urged on appeal.

▪ Wife argues the trial court should not have allowed into evidence any testimony about how an acreage, known as the "ranch," was acquired because the parties agreed that the ranch was a joint asset. However, she does not demonstrate how this error, if any, entitles her to reversal.

▪ Both parties asked that the ranch be awarded to them. Husband testified, over Wife's objection, that a part of the ranch had been inherited from his family. This testimony was not offered in an attempt to re-characterize the ranch as separate property, but, rather, to demonstrate to the trial court why Husband wanted the property to be awarded to him. Factors such as a familial connection, a party's efforts, or a sentimental attachment may be considered by the trial court when deciding whether to award the property to one of the parties, order it to be sold, or order that it be divided. The total value of the ranch was included in the marital estate and resulted, at least in part, in Wife receiving a monetary award to equalize the property division. On this record, Wife has not shown how admission of this evidence requires reversal.

▪ Wife was fully compensated for her interest in the "ranch," including the interest which was given to her by Husband when the inherited land was placed in joint tenancy. Wife has not demonstrated any prejudicial error as a result of admitting this historical evidence for the limited purpose of assisting the trial court in deciding which of the parties should receive possession of the property. In the absence of prejudicial error, we will not disturb the trial court's decision admitting this evidence. *See Wall v. Partridge*, 466 P.2d 628 (Okla.1970).

▪ Wife also claims the trial court erred in classifying some jewelry and an insurance policy as joint marital property rather than as her separate property. Wife testified that the jewelry pieces in question were anniversary and birthday gifts from Husband. She testified he told her to buy presents for herself because he didn't know what to buy her. Husband testified that he neither gave Wife the jewelry nor told her to purchase the pieces on his behalf. Husband claimed he did not know about some of the pieces because Wife bought jewelry and hid it from him. One of the parties' daughters testified that Wife asked her not to discuss one of the jewelry purchases in front of Husband.

Although there is a conflict in the testimony about how the jewelry pieces were acquired, the trial court's finding that they were not a gift but part of the marital estate is not clearly against the weight of the evidence. On this record, Wife has not demonstrated the trial court abused its discretion by including the jewelry pieces about which she complains in the marital estate.

▪ The trial court also awarded Wife the cash proceeds of a life insurance policy on Husband's life, but included it in the marital estate. Wife argues the life insurance policy was her separate property and should not have been considered in dividing the marital estate. The parties agreed that

the policy had a value of $46,000, but disagreed about whether the asset was joint marital property or Wife's separate property.

Wife testified she considered the insurance policy hers alone. She borrowed over $43,000 against it to buy land in Colorado and claimed the land as separate property and the insurance loan as a separate debt. According to documents entered into evidence and both Husband and Wife's testimony, the insurance policy, acquired in both their names in 1977, was put solely in Wife's name in 1981. Wife testified that the parties had intended that the policy would originally be issued in her name alone, and the transfer was to correct the mistaken issue in both parties' names. Wife also testified that the transfer of the policy to her name was for estate planning. When questioned at deposition about the gift status of the transfer, Wife testified: "Well, I don't know. It was a business transaction."

Husband recalled that the policy originally had been bought for business-related, not personal, purposes (to provide collateral for a business expansion loan). He testified the transfer was done later to avoid any delay from estate administration, so that money would be more readily available to keep his children in the colleges they were attending at the time, and to pay bills if he should die. He claimed no gift to Wife was intended.

Despite Wife's contention that she paid the premiums out of a separate bank account, under the uncontradicted evidence her sole source of funds until late 1992 was joint marital income. On cross-examination, Wife did not dispute that premiums had been paid from marital assets and she agreed that the value which had accumulated was based on payments from marital property. More importantly, she did not request apportionment of the value she claimed was received as a gift in 1981 and the value which subsequently accrued from the investment of joint marital assets. The record contains no evidence of what the policy was worth when Wife claims it was given to her. The trial court's decision to include the insurance policy in the marital estate is not clearly against the weight of the evidence.

Wife's final argument, that her monetary award was too small to equalize the property division, is premised solely upon her view that the jewelry and life insurance policy were her separate property. According to Wife, if the values of those items are not considered as part of the marital estate and included in determining her total marital property award, Husband was not required to pay enough money to equalize the property division. We have already rejected Wife's argument that the trial court was required to treat the jewelry and life insurance policy as separate property, and there is no basis for Wife's final allegation of error.

Wife has not demonstrated any abuse of discretion or that the trial court's decision is clearly against the weight of the evidence. Accordingly, the trial court's judgment is affirmed.

AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.