2003 OK CIV APP 90

**James H. BEALE, Plaintiff/Appellee,**

v.

**Linda D. BEALE, Defendant/Appellant.**

**No. 97,222.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Sept. 30, 2003.

Lawrence D. Taylor, Tulsa, OK, for Plaintiff/Appellee.

Wendell W. Clark, Clark & Williams, Tulsa, OK, for Defendant/Appellant.

Opinion on Rehearing by JERRY L. GOODMAN, Presiding Judge:

¶ 1 Linda D. Beale (Wife) appeals from the trial court's December 28, 2001, order dividing the marital estate after her divorce from appellee James H. Beale (Husband). Based upon our review of the facts and applicable law, we affirm in part, reverse in part, and remand with directions.

## FACTS

¶ 2 Husband and Wife were married July 11, 1997. It was his third marriage and her second. There were no children born of this marriage. The parties had no antenuptial agreement. Wife was a nurse who stopped working because of a back injury after she was married. Husband held substantial premarital assets in his name, earned from his homebuilding company.

¶ 3 Beginning in September 1997, and continuing through 1999, Husband added Wife's name to certain of his premarital banking and investment accounts, which prior to the marriage had been held in his name only. Husband also opened several new accounts in both names, and purchased a certificate of deposit in both names. Though not at issue, Husband also created a trust, naming Wife as beneficiary, which he later rescinded. According to Husband's testimony and the testimony of Husband's banker, placing Wife's name on the accounts was done to protect Wife in the event of Husband's death. Husband admitted to being estranged from his adult children when he made these changes. Husband later reconciled with his children, filed for divorce, and removed Wife's name from the accounts. Husband admitted Wife did not coerce or influence him to add her name to his accounts. He did so voluntarily "in case something happened to me" Wife would be "covered." According to Wife, on at least one occasion, Husband presented her with a signature card, which she signed. The card represented an account which Husband told her was "our money" and it belonged "to both of us." Wife stated that Husband kept all of the account information at his office, and handled all the financial transactions. Wife admitted that until the divorce was filed, she was unaware her name was on some of the accounts.

¶ 4 Husband filed for divorce January 8, 2000. The parties stipulated as to all issues except the division of marital assets. The trial court issued a decree of divorce June 8, 2001, reserving the issue of property division. Further agreements were reached about most of the property, leaving only at issue the ownership of certain specified bank accounts which had at one time been held in the names of both Husband and Wife. The trial court held a hearing on the matter June 8 and 28, 2001. The issue before the trial court was whether Husband gave a portion of his assets to Wife, or whether those assets, once held in both names, nevertheless remained Husband's separate property. The trial court held that Husband did not make a gift to Wife of the contested assets and, in an order filed December 28, 2001, awarded all of the contested assets to Husband. Wife appeals.

## ISSUES

¶ 5 Though set out in four separate propositions of error, Wife's appeal centers on one issue: whether Husband conveyed a portion of his assets to Wife as a gift by operation of law, thus enabling her to claim that portion of the marital estate as hers.

## STANDARD OF REVIEW

¶ 6 A trial court's division of marital property is of equitable cognizance and will not be disturbed unless found to be clearly contrary to the weight of the evidence and thus an abuse of discretion. *Carpenter v. Carpenter*, 1982 OK 38, 645 P.2d 476. We will review the record to determine if the findings of the trial court are supported by the evidence. *Forristall v. Forristall*, 1992 OK CIV APP 64, 831 P.2d 1017. We will indulge in the presumption the trial court's equity-based decision was correct and affirm the order. *Hillcrest Med. Ctr. v. State ex rel. Dept. of Corrections*, 1983 OK 101, 675 P.2d 432. The complaining party has the burden to show the trial court abused its discretion in dividing the marital estate. *Martin v. Martin*, 1952 OK 52, 240 P.2d 1057. The marital estate need not be divided equally, but merely equitably. *Silverstein v. Silverstein*, 1987 OK CIV APP 87, 748 P.2d 1004. Even if the trial court has before it conflicting evidence regarding the number, value, possession, and disposition of contested items of property, we will defer to the trial court's judgment, absent clearly contrary evidence. "The trial court is entitled to choose which testimony to believe as the judge has the advantage over this Court in observing the behavior and demeanor of the witnesses. The court's judgment need not rest upon uncontradicted evidence." *Mueggenborg v. Walling*, 1992 OK 121, ¶ 7, 836 P.2d 112, 114. The trial court, being in the best position to evaluate the demeanor of the witnesses and to gauge the credibility of the evidence, will be given deference as to the conclusions it reaches concerning those witnesses and that evidence. *Id.*

¶ 7 Absent strong evidence to the contrary, we will defer to the trial court's decision in this matter limited, as we are, to the "dry, printed words appearing in the record." *Perry v. Perry*, 1965 OK 160, ¶ 5, 408 P.2d 285, 287.

## ANALYSIS

¶ 8 There are three elements necessary to effect the transfer of title by gift: (1) the intent to give; (2) complete delivery of the thing given; and (3) acceptance by the donee. *McSpadden v. Mahoney*, 1967 OK 118, 431 P.2d 432. However, a special presumption operates when the transfer is between spouses.

> Oklahoma's extant jurisprudence allows a *rebuttable presumption* of a gift where title to separately held real estate is placed by one owner-spouse in both spouses' names as joint tenants. If a joint tenancy deed facially effects an *unconditional transfer*, it is deemed to be a *presumptive interspousal gift*, whose effect can be overcome by clear and convincing evidence of a contrary intent.

*Larman v. Larman*, 1999 OK 83, ¶ 9, 991 P.2d 536, 540, 541 (footnotes omitted).

¶ 9 Though *Larman* and other Oklahoma cases discussed below deal with transfers of real property between spouses, and the various ways in which title to real property could be held, we note *Larman* states: "Gifts of realty are governed by the principles of personal property law." *Larman*, 1999 OK 83 at ¶ 8, 991 P.2d at 540. We interpret this to mean that whether we are dealing with real or personal property, the principles to be applied remain the same. Further, because the ways in which title to certain bank accounts and in which title to real property can be held are similar, *Larman* and its progeny are applicable.

¶ 10 The sole issue before the trial court was whether certain Bank of Oklahoma (BOK) accounts were the separate property of Husband, or if those accounts had become marital property subject to division by operation of the presumption of an interspousal gift. Normally in dealing with marital property the issue of whether the accounts were held in joint tenancy, tenancy in common, or in the name of one spouse is not an issue. However, it becomes an issue in this case for two reasons. First, all of the property discussed below was owned by Husband prior to marriage, and it is undisputed that Wife did not contribute to those accounts during marriage. Our inquiry would end there, but for the second reason: the operation of the presumption of an interspousal gift if those assets were later placed in both names as joint tenants.

¶ 11 Again, *Larman* notes Oklahoma allows a rebuttable presumption of a gift to operate when:

> title to separately held real estate is placed by one owner-spouse in both spouses' names as joint tenants. If a joint tenancy deed facially effects an *unconditional transfer*, it is deemed to be a *presumptive interspousal gift* . . . .

*Id.*, 1999 OK 83, ¶ 9, 991 P.2d at 540, 541.

¶ 12 Thus, we must first examine the record to find any competent evidence to support the conclusion that title to separately held assets had been placed by one owner-spouse in both spouses' names as joint tenants. If such evidence exists, the presumption of an interspousal gift operates as a matter of law, and that asset loses its separate character and becomes joint marital property subject to division. The presumption can be rebutted, however, by clear and convincing evidence that there was no intent to "invest the spousal grantee with an interest in the property, but rather [title was transferred] for a purpose that is *clearly collateral to any intended change in the existing ownership regime*," *Larman*, 1999 OK 83 at ¶ 10, 991 P.2d at 541, or where fraud and special agreement to the contrary are present. *Shackelton v. Sherrard*, 1963 OK 193, 385 P.2d 898. We further note it is reversible error for the trial court to ignore the operation of the presumption of an interspousal gift and characterize the property as the separate property of one party or the other. *Chastain v. Posey*, 1983 OK 46, 665 P.2d 1179.

### The Accounts

¶ 13 Wife claims she is entitled to an equitable division of seven specific accounts. Husband contends she is not. The trial court awarded all of the accounts to Husband. Applying the principals set out above, we find that Wife proved Husband placed three of those accounts into joint tenancy with her, thus creating the presumption of a gift. Further, we find Husband failed to rebut the presumption that an interspousal gift occurred by clear and convincing evidence in two out of three of those instances, and the following accounts therefore became joint marital property subject to an equitable division.

¶ 14 *BOK Account No. 3790.*[1] Husband opened this account on February 23, 1998. The account was held in Husband's and Wife's names, d/b/a J.H. Beale Investments. Both parties' signatures appear on this account as co-owners, though the exhibit does not reflect whether this is an individual or joint account. However, Husband testified under oath that he intended this account to be one held in joint tenancy. This account was closed and the money was taken by Husband and put into another account, held solely in his name.

¶ 15 *Tulsa National Bank Account No. 13971 CD.* This was opened June 4, 1998, in both names. The terms of the account state that:

> An account with two or more Account Holders is a joint account. Unless you designate otherwise on the Signature Card, joint Account Holders will be considered joint tenants with right of survivorship.

As of the date of this appeal, this account remained open and Husband had not removed Wife's name, altered the way in which she was listed, or done anything inconsistent with the presumption that the account was held in joint tenancy.

¶ 16 We find that in the following five instances, there was either insufficient evidence to prove the account was intended to be held in joint tenancy or, if Wife's name

appeared on the account as a co-owner, Husband presented clear and convincing evidence to overcome the presumption of an interspousal gift. Therefore we affirm the trial court's award of the following accounts to Husband.

¶ 17 *BOK Account No. 0959.* This account was opened on October 9, 1997. Husband closed this account February 18, 2000. Wife is listed as a co-holder. There is no testimony from either party, nor evidence from the documents themselves, to show this account was held in joint tenancy. We conclude the presumption did not operate.

¶ 18 *BOK Account No. 1013.* This time-deposit account was opened by Husband on December 17, 1997. It shows Husband's and Wife's names as co-owners doing business as "JH Beale Investments." The account was closed on February 18, 2000. There is no testimony from Husband regarding his intent as to whether this account was to be held in joint tenancy with Wife. Because the document does not reflect such intent, we hold this account was not created or held in joint tenancy.

¶ 19 *BOK Account No. 2689.* This time-deposit account was opened March 3, 1998. It lists Husband and Wife as co-owners doing business as "J.H. Beale Investments." The account was closed on February 18, 2000. There is no testimony from Husband regarding his intent as to whether this account was to be held in joint tenancy with Wife. Because the document does not reflect such intent, we hold this account was not created and held in joint tenancy.

¶ 20 *BOK Account No. 6148.* This is Husband's personal checking account held by him prior to marriage. At some unspecified date during the marriage, Husband added Wife's name to the account. He later removed her name on January 21, 2000. Wife asserts Husband admitted at trial that he considered the account to belong to both parties, but other evidence suggests that only Husband had access to the checkbook, only

---

1. Because the parties identify the Bank of Oklahoma Accounts by the last four digits of the account number, we will likewise do so for continuity in the record.

Husband used the checkbook,[2] and Wife contributed nothing to the funds in that account. We thus conclude the presumption of an interspousal gift did operate, but was later rebutted by the evidence set out above.

¶ 21 *BOK Account No. 0947.* Husband admitted opening this "time deposit" account on September 8, 1997, as a joint account with Wife. This is so despite the fact Wife's Exhibit No. 5, which is a copy of the confirmation documents generated when the account was created, merely lists Husband and Wife as co-owners doing business as "J.H. Beale Investments." The account was closed on February 18, 2000. The money from the account was taken by Husband and put into another account, held solely in his name. We hold that though Husband intended this to be a joint account, Wife's testimony reveals she was not aware that this account existed, much less that her name was thereon, until after the divorce proceedings had begun. She testified she had no conversations with Husband or the bank regarding this particular account. We therefore conclude that though there was intent to treat this transfer as a gift because of the operation of the interspousal presumption set out above, we nevertheless conclude that because Wife was unaware of this transfer, she was presumptively unable to accept the gift as the donee. Acceptance of the gift by the donee is one of the three fundamental elements of a gift.

### Appeal–Related Attorney's Fee

¶ 22 Wife's request for an appeal-related attorney's fee is denied.

### CONCLUSION

¶ 23 We hold the trial court failed to apply Oklahoma law applicable to this issue, and instead relied on other jurisdictions and non-precedential legal commentaries. Applying the law to these facts, we conclude the trial court erred, in part, in its division of the parties' assets. We therefore affirm in part, reverse in part, and remand for further proceedings. Upon remand, the trial court is directed to equitably divide the following martial assets, and grant Wife judgment for her portion of these assets: BOK Account No. 3790, and the Tulsa National Bank No. 13971 CD both valued as of June 8, 2001, the date the divorce was first pronounced to Wife with statutory post-judgment interest to be calculated and awarded from June 8, 2001.

¶ 24 The remainder of the trial court's opinion is affirmed.

¶ 25 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

REIF, J., concurs, and RAPP, J., concurs in part and dissents in part.

RAPP, J., concurring in part and dissenting in part:

¶ 1 I dissent relative to accounts 0959, 0947, and 1013, for the reason that each of these accounts exhibited an "intent to invest the spousal grantee with an interest in the property." *Larman v. Larman,* 1999 OK 83, ¶ 10, 991 P.2d 536, 541. Thus, Wife would here be entitled to her marital share of the present value of the accounts as of the date of their closing. Accordingly, I would reverse only as to these accounts.

---

**2.** Wife testified that on one occasion, Husband gave her a blank check to use to purchase a specified item. This was the only use of the account by Wife.