2014 OK CIV APP 32

In re the MARRIAGE OF Billy
Dale BEENE and Janice
Louise Beene:

Billy Dale Beene, Petitioner/Appellee,

v.

Janice Louise Beene,
Respondent/Appellant.

No. 110707.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Feb. 28, 2014.

Edward Goldman, Goldman Law PLLC, Oklahoma City, Oklahoma, for Petitioner/Appellee.

Jeff W. Wise, Wise Law Firm, Oklahoma City, Oklahoma, for Respondent/Appellant.

ROBERT D. BELL, Presiding Judge.

¶1 In this dissolution of marriage proceeding, Respondent/Appellant, Janice Louise Beene (Wife), appeals from the portion of the trial court's decree awarding the real property located in Meeker, Oklahoma, to Petitioner/Appellee, Billy Dale Beene (Husband), as his separate property. We hold the trial court's exclusion of the Meeker property from the marital estate was not an abuse of discretion or against the clear weight of the evidence and affirm.

¶2 The parties were married March 2010. Husband filed his petition for dissolution of marriage April 2011. The decree of dissolution was entered April 2012. Prior to the parties' marriage, Husband owned a debt-free home in Meeker, Oklahoma, which was valued at approximately $94,000.00. Soon after the marriage, the parties purchased a marital home in Harrah, Oklahoma. Both their names were placed on the deed to the Harrah home. At the time of the divorce, there was very little equity, if any, in the Harrah home. On August 3, 2010, five months into the marriage, Husband transferred title to the Meeker home to Husband and Wife as joint tenants.

¶3 At the merits trial, Wife claimed the Meeker property was marital property. Her evidence consisted of a real estate agent's testimony that the initial closing for the Harrah home was delayed because Husband insisted Wife's name be placed on the Meeker home deed. Wife also testified Husband placed her name on the title to his 2006 Chevrolet pickup truck and purchased a 2011 Toyota Avalon for her. She stated prior to the marriage, Husband convinced her to give away most of her household belongings so that new ones could be purchased. She also stated Husband intended to sign a Last Will and Testament awarding all of his possessions and property to Wife upon his death. Although these documents were prepared and forwarded to the parties, the parties separated before the estate planning documents were signed.

¶4 Husband countered he did not intend to gift the Meeker home to the marital estate. He testified he placed title to his Meeker home in joint tenancy with Wife because of her repeated requests and only for the collateral purpose of appeasing her. He testified he did not understand the legal consequences of jointly titling the property. He argued Wife was a licensed real estate agent for 25 years before the marriage and was well versed in real estate transactions, investments and running a business. He also argued Wife maintained her own separate bank account and did not contribute any funds to the parties' joint marital expenses or accounts.

¶5 Husband testified when he met Wife, she did not have a place of her own and had been staying with friends since 2008. He

was retired from Tinker Air Force Base, was receiving approximately $4,400.00 per month in combined retirement and disability and had $50,000.00 in savings. Before the parties married, Husband bought and paid for several vehicles for Wife and her grown son. Wife's grown son lived in the marital home with the parties, rent-free. After the parties separated, Wife's other grown son moved into the marital home. Husband paid the mortgage on the marital home and Wife's vehicle for ten (10) months after the parties separated.

¶ 6 After the trial, the trial court found clear and convincing evidence overcame the presumption of Husband's gift of the Meeker property to the marital estate. The court found Husband "exhausted a very sizable savings during this one-year marriage attempting to appease [Wife] and the Court finds that the issues involving this property were merely that." Wife now appeals from this portion of the trial court's decree.

¶ 7 A suit for the dissolution of marriage is one of equitable cognizance in which the trial court has discretionary power to divide the marital estate. *Smith v. Villareal*, 2012 OK 114, ¶ 7, 298 P.3d 533. "In an action of equitable cognizance there is a presumption in favor of the trial court's findings and they will not be set aside unless the trial court abused its discretion or the finding is against the clear weight of the evidence." *Id.* at ¶ 7.

¶ 8 Title 43 O.S.2011 121 requires the trial court to fairly and equitably divide the property acquired by the parties jointly during their marriage. "Jointly-acquired property is the property which is accumulated by the joint industry of the spouses during the marriage." *Smith* at ¶ 8. Wife does not dispute the Meeker property was purchased and owned by Husband prior to the one-year marriage. Wife argues, instead, that Husband's act of placing title to this property into his and Wife's names as joint tenants evinced his donative intent to gift this property to the marital estate. Oklahoma law provides otherwise.

A transfer by one spouse of separate property to another does not by itself erase the separate character of the asset or real property transferred; rather, the original ownership regime must be respected unless there is proof of an interspousal gift. The law provides a rebuttable presumption of a gift where title to separately held real estate is placed by one owner-spouse in both spouses' names as joint tenants. This presumption arises even if the property in question was purchased with one spouse's separate funds, as in this case.

The presumption in favor of a gift can be overcome by clear and convincing evidence of contrary intent, including evidence of a purpose for placing the property in joint tenancy that is collateral to making a gift.

*Smith* at ¶¶ 9 & 10 (footnotes omitted).

¶ 9 The sole issue briefed on appeal is whether the trial court erred in ruling Husband rebutted the presumption that he gifted the Meeker property to the marital estate. Based on the foregoing law, the trial court must determine whether the presumption of an interspousal gift was rebutted with clear and convincing evidence that title was transferred for a collateral purpose other than a change in the existing ownership regime. *Beale v. Beale*, 2003 OK CIV APP 90, ¶ 12, 78 P.3d 973, *citing Larman v. Larman*, 1999 OK 83, ¶ 10, 991 P.2d 536. Although there was conflicting testimony, the trial court determined Husband did not possess donative intent when he conveyed the Meeker house's title to both spouses in joint tenancy. The court found Husband transferred title solely for the purpose of appeasing Wife's repeated demands. "The trial court, being in the best position to evaluate the demeanor of the witnesses and to gauge the credibility of the evidence, will be given deference as to the conclusions it reaches concerning those witnesses and that evidence." *Beale* at ¶ 6 (citation omitted). "The trial court is entitled to choose which testimony to believe as the judge has the advantage over this Court in observing the behavior and demeanor of the witnesses. The court's judgment need not

rest upon uncontradicted evidence." *Mueggenborg v. Walling*, 1992 OK 121, ¶ 7, 836 P.2d 112.

¶ 10 We defer to the trial court's conclusion that the clear evidence demonstrated Husband did not have the donative intent to gift his Meeker property to the marital estate. Thus, despite the evidence that Husband added Wife's name to his separate property's title as a joint tenant five months into the marriage, the trial court held Husband rebutted the presumption of a gift to Wife. Based on our review, we hold the trial court did not abuse its discretion or hold contrary to the weight of the evidence when it determined the Meeker property was not a part of the marital estate.

¶ 11 Husband's request for appeal-related attorney fees is denied. Husband's motion to strike Appellant's reply brief is also denied.

¶ 12 AFFIRMED.

MITCHELL, J., and GOREE, J., concur.