**Christy A. ADAIR, Appellee and Cross-Appellant,**

v.

**Robert Glen ADAIR, Appellant and Cross-Appellee.**

No. 58280.

Court of Appeals of Oklahoma, Division No. 1.

June 14, 1983.

Rehearing Denied July 19, 1983.

Certiorari Denied Oct. 25, 1983.

Released for Publication by Order of Court of Appeals Oct. 28, 1983.

Horning, Johnson & Grove, Philip F. Horning, Oklahoma City, for appellee and cross-appellant.

Hal S. Whitten, Oklahoma City, for appellant and cross-appellee.

YOUNG, Judge:

Appellant husband complains that the trial court was in error when it granted his wife repayment for her investment in his dental education under the authority of

*Hubbard v. Hubbard,* 603 P.2d 747 (Okl. 1979).

The couple wed in 1973, and the wife worked continuously until the husband graduated from dental school in 1980. Divorce was requested by the wife in 1981. The major part of their support came from the wife's earnings. For the period from 1973 to 1980, the wife earned $57,000.00 while husband was earning $20,000.00 at part-time and summer work. The trial court found that wife's contribution to the living expenses and education of husband amounted to $32,000.00 to which he added an inflation allowance of $10,000.00 and interest of 10% amounting to $13,500.00 for a total amount of alimony in lieu of property of $55,573.16 payable over 108 months. Each party was ordered to pay their own attorney fees.

Divorce was granted to both parties because of incompatibility, therefore, husband argues that the *Hubbard* rule should not apply. He argues that the wife in *Hubbard* was faultless; whereas there is some evidence in this case that the wife bore some of the blame for the incompatibility.

The wife in *Hubbard* was apparently faultless; however, we do not read that case as one bottomed on fault as a critical factor in property division. While it may be true that aggravated conduct can dilute the rule of *Hubbard,* our Supreme Court has not so held. We find no outrageous conduct in this case. From a full reading of the transcript, it appears that the parties drifted apart by reason of just what the judge found—mutual incompatibility.

A close reading of *Hubbard* shows that our Supreme Court never mentions "fault" or one of its synonyms in the body of its opinion. The only time "fault" was mentioned was a quote from the trial judge.

■ The Supreme Court in *Hubbard* created a hybrid form of alimony which they call a "cash award in lieu of property settlement". It is limited to the special facts wherein the only major asset of the marriage is an educational degree to which one party has foregone education by work-

ing in order that the other can get the degree. Our Supreme Court has held that the working member of the marriage may receive a return on his or her investment in the education of the other spouse. Fault has no bearing on this question. The Court placed the *Hubbard* decision strictly upon an economic basis measured by fixed factors such as inflation adjustments and interest. To place a factor such as fault into such a formula would make it unworkable. Under 12 O.S.1981 § 1278, fault is not mentioned as one of the factors to be considered in the division of property.

■ Appellee's next complaint is that the trial judge failed to inform his counsel that wife's counsel had a close political association with the judge. The counsel for wife was listed on a letterhead as one of 46 attorneys listed on a committee to draft the trial judge to file and campaign for the office of District Judge. Wife's counsel argues that the counsel for husband was mailed one of these letters sometime before the trial, and affidavits filed herein support this argument. Counsel for husband does not refute this charge in his reply brief that he received the letter sometime before trial.

Failure to timely object waived any disqualification of the judge. Our review of the record does not reveal any bias or prejudice.

■ Wife, in her cross-petition in error, asserts that the trial court should have ordered husband to pay her attorney fees and suit money. The evidence reveals that both parties are self-supporting; and the value of the dental practice given to husband was at the time of divorce of no cash value. When consideration is given to the means and property of both parties, we find no error on the part of the trial court in ordering each party to pay their own attorney fees.

AFFIRMED.

REYNOLDS, P.J., and ROBINSON, J., concur.