Judith M. SILVERSTEIN, Appellant,

v.

Paul SILVERSTEIN, Appellee.

No. 66630.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 17, 1987.

---

Karen A. Pepper Mueller, Oklahoma City, for appellant.

Robert H. Mitchell, Oklahoma City, for appellee.

GARRETT, Judge:

Appellant (Plaintiff) appeals from the property settlement and support alimony provisions of the divorce judgment between her and Appellee (Defendant).

The parties met and married in 1960. The divorce was in 1985 after a 25 year marriage. There were two adult children and two minor children, ages 16 and 15, at the time of the divorce.

At the time of marriage, Plaintiff was a graduate biology student and Defendant was preparing to attend medical school. Defendant's parents paid his educational expenses including tuition, books, lab fees and all equipment, and paid $150 per month for living expenses while he was in medical school. They had paid these same items while he was an undergraduate and continued to pay the same after the marriage.

Defendant's internship and residency began in 1964. The next five years' living expenses were paid from payments to him for internship and residency, borrowed money, weekend shifts in emergency rooms, and doing insurance histories and physical exams. In 1969 he was drafted into the Army and the family lived three years in Texas. Then they re-located to Atlanta, Georgia where he completed a residency in plastic surgery. Their living expenses in Georgia were paid from payments for the residency, the GI Bill, and weekend shifts in emergency rooms. In 1974 Defendant began a medical practice in Oklahoma City specializing in plastic surgery and burn treatment. Both parties modestly admit that Defendant has been successful, both financially and professionally, and he has a national reputation as an expert in both fields.

Early in the marriage, Plaintiff worked as a high school teacher, and for a short time in a research lab. Plaintiff claims to have supported the family for four of those early years, except for a short pregnancy leave of absence. Defendant claims she "only" worked two years and four months with the parties' living expenses being paid through loans and Defendant's work.

It is clear that Plaintiff left the work force and became a mother who raised the four children, a housewife who took care of the home, and did not continue her training for the work force by additional education

and experience. This state of affairs apparently existed by a lack of necessity for income from her employment outside the home, and by the choice and election of both parties. Whatever the underlying reasons may be, Plaintiff now finds herself to be divorced and without sufficient earning capacity with which to support herself and two minor children and to maintain a standard of living which is similar to that which these parties have come to maintain after a 25 year marriage. However, she has a bachelor's and a master's degree where she graduated magna cum laude, and she could obtain a master's degree in genetic counseling in two years and a Ph.D in four years. She is currently employed part-time as a research assistant in a biology/psychology laboratory.

The trial court awarded custody of the two minor children to Plaintiff and ordered Defendant to pay $800 per month per child (total $1600) as child support. The property division was approximately $970,515.00 in value to Plaintiff and $995,865.00 to Defendant. Defendant was ordered to pay the debts. Plaintiff will be debt-free. In addition, the court awarded One Million Dollars ($1,000,000.00) to Plaintiff as support alimony, payable at the rate of $8,300 per month for 120 months (10 years) and a final payment of $4,000, the 121st month.

Divorce is an action of equitable cognizance. In the absence of an abuse of discretion the judgment of the trial court making the division of jointly-acquired property and awarding or denying alimony will not be set aside on appeal. *Carlton v. Carlton*, 648 P.2d 1280 (Okl.1982). With regard to division of property, one must show the award to be inequitable and against the clear weight of the evidence to obtain a reversal. 12 O.S.1981 § 1278, requiring an equitable division of property, does not require an equal division. *Tigert v. Tigert*, 595 P.2d 815 (Okl.App.1979).

Plaintiff first contends the trial court erred: (1) in failing to require Defendant to carry life insurance to protect the alimony award, and to buy and pay for health insurance for Plaintiff; and (2) in failing to provide that the support alimony will survive Defendant in the event of his untimely death.

■ Plaintiff cites no authority which would require the trial court to order health insurance for her at Defendant's expense. It would be in the nature of alimony if granted. Since there was testimony at the trial relating to the cost of health insurance, we assume the court considered the matter in fixing the amount of alimony. However, providing health insurance for a divorced spouse is entirely a different matter from providing it for minor children. We hold that a trial court is not required to provide health insurance for a divorced spouse as a separate and specific item of alimony for support, and failure to do so is not error.

The Supreme Court, in *Funnell v. Funnell*, 584 P.2d 1319 (Okl.1978) held payment of alimony for support is a personal obligation and terminates upon the death of either the husband or wife. See 12 O.S. Supp.1985 § 1289 for a statute defining the public policy of Oklahoma in this respect. Plaintiff's contentions as to carrying insurance to protect the award of support alimony and requiring it to survive Defendant are without merit.

■ Plaintiff next contends the trial court erred in failing to consider Defendant's professional degrees and licenses, together with estimated future earnings to be property subject to valuation and division. Plaintiff cites the 1985 New York Court of Appeals decision in *O'Brien v. O'Brien*, 66 N.Y.2d 576, 498 N.Y.S.2d 743, 489 N.E.2d 712. Defendant cites cases from California, Colorado, Indiana, Arizona, Florida, Illinois, New Hampshire, and Wyoming. More important than those decisions, Defendant points to *Hubbard v. Hubbard*, 603 P.2d 747 (Okl.1979); *Diment v. Diment*, 531 P.2d 1071 (Okl.App.1975); *Adair v. Adair*, 670 P.2d 1002 (Okl.App. 1983); and other similar Oklahoma cases. Plaintiff recognizes the Oklahoma authority and contends those cases and the principles therein should be reconsidered and overruled. We decline to do so.

Carried to its logical conclusion, Plaintiff's contentions would reach into nearly

every walk of life in our society. If physician's degrees and estimated future earnings are property subject to valuation and division, why not a plumber's license, an electrician's license, a salesman's experience and ability and licenses, a school teacher's degree and salary, and on and on ad infinitum. Plaintiff's contention is without merit.

■ Plaintiff's next contentions relating to the trial court's valuation of Defendant's professional corporation and his pension and profit sharing plan are without merit for at least two reasons: First, the record contains competent evidence which supports the valuations; and, second: these matters are not included in the petition in error so that they may be considered by this court. The general allegation that the trial court "improperly valued certain items of property to the detriment of the Plaintiff", constitutes an "allegation of error, general in nature (conclusional) or 'shotgun' (all encompassing) in effect". Such an allegation does not suffice. See 12 O.S. 1981 Ch. 15, Appendix 2, Rules of Appellate Procedure in Civil Cases, Rule 1.16.

Plaintiff contends events have occurred since the trial causing the children's trust to be presently unfunded, or at best funded by a personal note from the Defendant. The trust was created with proceeds of a loan from the bank to Defendant. That money purchased a CD for the trust. The CD was pledged as collateral for the note. After the trial, the note being unpaid, the CD was applied to its payment. Defendant then delivered his personal promissory note payable to the children's trust. This is not a matter between Plaintiff and Defendant personally. Because of the subject matter and time of occurrence, this appeal is not the proper remedy. In addition, as to the effect on property division, there seems to be no real change—before and after Defendant's actions, the trust was funded through Defendant's credit and note. Further discussion in this case would be improper.

■ The final matter to be considered is the award to Plaintiff of one million dollars support alimony in addition to the property

division. The correct valuation of property awarded to each party depends on whether the contentions of (1) Plaintiff or (2) Defendant are deemed accurate, or, (3) the calculations and judgment of the trial court are affirmed. Suffice it to say, the judgment of the trial court is supported by competent evidence, does not constitute an abuse of discretion, and therefore will not be disturbed.

It is well settled that the trial court has wide discretion in dividing property and awarding alimony. *Kiddie v. Kiddie*, 563 P.2d 139 (Okl.1977). The appeals court will not set the judgment aside nor substitute its judgment for that of the trial court absent an abuse of discretion. *Peters v. Peters*, 539 P.2d 26 (Okl.1975). Nor will the judgment be set aside if it can be justified under any proper theory. *Stallings v. White*, 194 Okl. 649, 153 P.2d 813 (1944).

"Need" of the party receiving alimony [*Weaver v. Weaver*, 545 P.2d 1305 (Okl. App.1976)] and the ability of the other spouse to pay [*Jupe v. Jupe*, 198 Okl. 100, 175 P.2d 976 (1947)] have long been controlling factors for its award. "Fault" is no longer considered. Plaintiff cites *Bowman v. Bowman*, 639 P.2d 1257, (Okl.App. 1981). The *Bowman* court, at page 1263, said:

Since 'fault' has been excised from Sections 1276 and 1278 as a basis for alimony, a wife's need has become the primary, if not the sole, criterion as a basis for an alimony award. We hold that need must also be rationally connected to the marriage itself. If the 'need' arises out of or is aggravated by the marriage itself or some event connected to the marriage, i.e., illness, postponement of education, or any other cause rationally connected to the marriage, then it qualifies as a 'basis' on which alimony should be properly granted where the circumstances of the parties otherwise justify an award of alimony.

Also, the *Bowman* court pointed out and listed 21 different circumstances, and authority therefor, which the court may consider in awarding alimony and determining

the amount thereof. "Need" appears to have many meanings.

Defendant cites *Johnson v. Johnson*, 674 P.2d 539 (Okl.1983) wherein it was said (P. 546):

> "Where a substantial amount of spousal property is granted by the court, an alimony claim must be supported by proof of excess monetary needs to cushion the economic impact of transition and readjustment to gainful employment."

and contends, in effect, that the substantial amount of property set over to Plaintiff herein makes the award of alimony improper. Since Defendant did not appeal, this is deemed to be part of his total argument against increasing the alimony award. Under the facts of this case, we hold that the award of alimony was proper.

While there is no exact formula to follow, it is well settled in this State that determination of the amount of alimony to be allowed requires consideration (at least) of the station in life and conduct of the parties, earning capacity and estate of husband and wife, the contribution of the wife to the marital estate. The trial court properly considered all of these matters. According to Plaintiff's calculations, the alimony awarded equals approximately 19% of Defendant's disposable income.

We find no abuse of discretion.

AFFIRMED.

REYNOLDS, J., concurs.

ROBINSON, P.J., not participating.