**Peggy Sue WHITLEY, Appellant,**

v.

**Earl Leroy WHITLEY, Appellee.**

**No. 67952.**

Court of Appeals of Oklahoma,
Oklahoma City Divisions.

June 21, 1988.

**850**

L. Lee Ingraham, Enid, for appellant.

Ronald G. Franklin, Enid, for appellee.

## MEMORANDUM OPINION

HUNTER, Presiding Judge:

Upon consideration of the briefs and the record in the above-styled matter, the Court finds:

(1) Appellant seeks review of that portion of the divorce decree dividing the assets and liabilities of the parties. Appellant contends that the distribution was not fair and equitable and constitutes an abuse of discretion.

(2) Appellant argues that the trial court erred in ordering her to pay a debt of Appellee acquired prior to the marriage. We agree. The debt in question is the debt to Beneficial Finance. The record reflects a portion of that debt represents a loan incurred by Appellee prior to the marriage. A portion of the debt was incurred by the Appellant, individually, during the course of the marriage. The record is unclear as to the specific amounts owed Beneficial Finance by Appellant and Appellee at the time of the property division. Title 12 O.S. Supp.1985, § 1278 requires the trial court to make a division of the property acquired by the parties jointly during the marriage, but makes no specific reference to jointly-acquired debts. Courts have however, achieved the division of property by dividing the marital estate based upon its "net"

worth, a value achieved after subtracting liabilities from total asset value. *Stansberry v. Stansberry*, 580 P.2d 147 (Okla.1978). The effect of such a division is to divide the outstanding indebtedness. Therefore, by implication, the trial court has the authority to consider and to require the parties to pay specific debts of the marriage to achieve the property division.

In the case before us a portion of the Beneficial Finance debt is a separate debt of the appellee, acquired prior to the marriage. This cannot possibly be considered a jointly-acquired debt in furtherance of any marital goal. Appellee's portion is his separate debt for which he is primarily liable. That portion of the property division requiring Appellant to pay Appellee's debt acquired prior to the marriage, standing alone, is a clear abuse of discretion and must be reversed. In making an equitable division of property in a divorce action, the trial courts are vested with wide discretion. It must clearly appear that the trial court abused its discretion before we will reverse an order adjusting property rights. *Manhart v. Manhart*, 725 P.2d 1234 (Okla.1986).

If it was the intent of the trial court to place the responsibility of the entire Beneficial Finance debt on Appellant for purposes of achieving equitable distribution of the "net" estate, i.e., alimony in lieu of property, that intent is not manifested in the terms of the property division.

(3) Appellant has urged other propositions of error. However, because the trial court must be reversed, those propositions need not be reached by this Opinion.

For the reasons stated above, that portion of the divorce decree appealed from is REVERSED AND this matter is REMANDED for a new trial as to the property division in a manner consistent with the views expressed herein.

HANSEN and REYNOLDS, JJ., concur.