2011 OK CIV APP 122

**In re the Marriage of Bryan L. KINGERY, Petitioner/Appellant,**

v.

**Suzanne S. KINGERY, Respondent/Appellee.**

**No. 107,637.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 9, 2011.

Certiorari Denied Dec. 6, 2011.

William E. Liebel, James T. Gorton, Oklahoma City, Oklahoma, for Petitioner/Appellant.

Scott A. Hester, Hester, Schem, Hester & Batson, Edmond, Oklahoma, for Respondent/Appellee.

WM. C. HETHERINGTON, JR., Presiding Judge.

¶ 1 Bryan L. Kingery (Petitioner) appeals entry of the trial court's order dividing marital property, classifying property and debts as marital or separate, modifying child support, and awarding alimony in lieu of property division in this marital dissolution proceeding. The trial court's classification of certain disputed debts as marital is affirmed. The trial court's order modifying child support and awarding alimony in lieu of property division is reversed and the cause is remanded for further proceedings in accordance with this opinion. Petitioner's request for appellate attorney fees and costs is denied.

## THE UNDERLYING PROCEEDINGS

¶ 2 Proceedings were initiated with the August 17, 2005, filing of a Petition for Dissolution of Marriage. Following a compromise and settlement of issues regarding their two children and reserving other issues, an agreed Journal Entry of Decree of Dissolution of Marriage, ending the marriage begun on May 22, 1993, was entered on December 27, 2005. A Joint Custody/Shared Parenting Plan was adopted under which Petitioner agreed to pay child support totaling $891.15 per month, consistent with an attached Child Support Computation Form and split into bimonthly amounts.[1]

¶ 3 On September 17, 2007, Suzanne "Shaun" Kingery (Respondent) moved to modify the decree by terminating the joint custody plan as to the elder child and continuing joint custody as to the younger child. She also moved to set trial on the reserved issues of property division, debt allocation, and support alimony. On February 13, 2009, Petitioner moved to modify child support effective in May of 2009, noting the parties' elder child would attain the age of 18 before this time and would complete high school on or about May 22, 2009. The remaining issues were tried on August 19, 20, and 21, 2009, and the trial court's Findings of Fact and Conclusions of Law were filed September 18, 2009. The trial court's order makes a numerically equal division of the property it

lists as marital on an appended "Court's Marital Estate Division (worksheet)" and modifies the monthly child support payable by Petitioner from $891.15, due when both children were minors, to $800 per month for the parties' remaining minor child. This appeal followed.

## STANDARD OF REVIEW

¶ 4 "An action for divorce, alimony and division of property is one of equitable cognizance, and the trial court's judgment will be left undisturbed unless found to be clearly against the weight of the evidence." *Johnson v. Johnson,* 1983 OK 117, ¶ 15, 674 P.2d 539, 544. The marital estate need not be divided equally, but it must be divided equitably. *Silverstein v. Silverstein,* 1987 OK CIV APP 87, 748 P.2d 1004. The net marital property division must be "just and proper to effect a fair and just division." 12 O.S.Supp.2006 § 121 (B); *see Wood v. Wood,* 1990 OK CIV APP 49, 793 P.2d 1372. The burden of proof to show that the trial court's findings and judgment are against the clear weight of the evidence is on the party filing the appeal. *Kiddie v. Kiddie,* 1977 OK 69, 563 P.2d 139; *Parnell v. Parnell,* 2010 OK CIV APP 74, 239 P.3d 216.

## THE APPEAL

¶ 5 Petitioner appeals, arguing errors and an abuse of discretion by the trial court in setting the value of his interest in a law practice, setting the value of his personal checking account balance on the date of the parties' June 27, 2005 separation, the treatment of certain debts as marital obligations, and the allowance of excessive alimony in lieu of property division payable to Respondent by Petitioner caused by these alleged errors. He also claims the trial court failed to properly calculate child support under applicable guidelines for the parties' remaining minor child. We address these alleged errors in turn.

### Law Firm Valuation

¶ 6 Petitioner has a 25% interest in the Wyatt, Austin, Kingery & Hale law firm,

---

1. This form was not signed by the trial judge.

which specializes in social security, workers' compensation, and personal injury claims. Husband contended valuation of this asset posed numerous difficulties because fees were dependent upon contingency arrangements [2] and the nature and complexity of the cases generating those fees. He argued these factors rendered many assumptions speculative.

¶ 7 We must reject Petitioner's arguments raising the "contingent" nature of the law practice's cases as a basis for reversal in light of the trial court's explicit finding "the 400 contingency fee cases were not assets to be included in the marital property" divided between the parties and their value had "not been considered" in the calculation for "property division alimony." This finding is consistent with the holding in *Musser v. Musser*, 1995 OK 116, 909 P.2d 37. This does not end our inquiry.

¶ 8 Petitioner's expert, attorney/C.P.A. Kenneth W. Klingenberg, valued his fractional interest in the law practice at $96,818 or $133,486, depending upon whether $200,000 in "practice acquisition" or good will cost was included. Petitioner contended the "practice acquisition" cost, denominated as "good will" by a tax accountant, was set by the firm's founder, Wyatt, who sold the practice to Petitioner and his two partners, Hale and Austin. He claims this "good will" should not be included when valuing his interest in the law firm.

¶ 9 Respondent's C.P.A. expert witness, Michael O'Brien, agreed with Klingenberg's higher valuation, disagreed with his lower valuation, and considered the $200,000 asset purchased by Respondent and his two partners as good will. Respondent's expert offered no independent valuation of the Petitioner's share of the law firm.

¶ 10 However, like the appellant in *Mocnik v. Mocnik*, 1992 OK 99, 838 P.2d 500, there is no way for Petitioner to recoup or realize his share of the law firm's goodwill other than by continuing to render professional services. The value of Petitioner's interest is subject to a December 29, 2000 Shareholders' Agreement, authored by Respondent's father, under which Petitioner must sell his shares to the corporation using the valuation method which sets the method for determining the purchase price.

¶ 11 The law firm is not without assets which qualify for valuation in the division of marital property. Although the law firm's building and many of its furnishings are leased, it possesses assets such as bank deposits and accounts receivable, and it has acquired fixed assets since the practice purchase. Petitioner's expert, placed a $96,819 value on Petitioner's share in the law firm if good will was not considered. However, the value set for his share of the law practice set by the trial court, $133,486.00, included good will, which, under this set of circumstances, should not be considered *for the purposes of marital property division* due to the effect of the Shareholder's Agreement. The award of alimony in lieu of property division is reversed and the cause remanded for entry of an order consistent with valuation evidence not including good will as a factor.

### Loan and Medical Bills

¶ 12 Petitioner contends the trial court abused its discretion in finding an April 9, 2002 $6,000 payment to Respondent from her father was a marital debt. He argues the debt was Respondent's separate debt because the loan was made to replace money she had withdrawn from an account she knew was accumulated to pay for 2001 taxes. Respondent did not recall on what she had spent the withdrawn funds. "A marital debt is one which is jointly acquired in furtherance of a marital goal. *Whitley v. Whitley*, [1988 OK CIV APP 6], 757 P.2d 849 (Okl. App.1988)." *Sien v. Sien*, 1994 OK CIV APP 159, ¶ 17, 889 P.2d 1268, 1272. Despite Petitioner's displeasure concerning Respondent's withdrawal of funds, there is no dispute the loan proceeds from her father were used to pay their 2001 taxes, which were a marital obligation. The trial court did not abuse its discretion by classifying this item as a mari-

---

2. Use of a contingency fee arrangement also resulted in the law firm not maintaining time records.

tal debt. Respondent's father testified one $81 payment was made on the loan. The trial court's classification of the loan as a marital debt is affirmed, but failed to credit the payment when determining this obligation. Upon remand the undisputed reduction in the loan amount should be considered in a re-calculation and new division of marital debts and assets.

¶ 13 Petitioner argues the marital estate should not be charged with two medical bills, one from Oklahoma Spine Hospital and one from Norman Regional Hospital. As to a $879.33 balance due Oklahoma Spine Hospital for services on May 9, 2005,[3] he contends the costs were the result of an automobile accident for which Respondent was not at fault, and he should not be responsible for her failure to pursue remedies for recouping the cost from a tortfeasor. As to the June 22, 2004 balance due Norman Regional Hospital, which Respondent's father negotiated down to $590.83 from an initial $843.40[4] balance after the bill went into collection, Petitioner claims Respondent failed to establish the existence of a claimed loan from her father to pay this bill. The expenses for both medical providers were incurred for medical services rendered to Respondent prior to the parties' June 27, 2005 separation. Their inclusion in the marital estate was not an abuse of discretion.

### The Checking Account

¶ 14 Petitioner claims the trial court erred by $12,307.65 in the valuation of his personal checking account at the time of separation by including two items of income received after the parties' June 27, 2005 separation, i.e., June 30th and July 1, 2005. He contends its balance was $4,309.35, not the $16,617.00 found by the trial court. He also claims the checks written to him by his law firm were counted twice in the valuation process, once in the value of his personal account and once in the law firm's value.

¶ 15 One payment was his salary earned in the month of June and the other, a $9,500 payment, was a bonus accrued during the preceding six months of the year. Although paid in the few days right after separation, both amounts were earned during coverture. The trial court did not err in including these payments in the valuation of his checking account. However, the bonus was not a net payment and including it as a martial asset without an adjustment or allocation of the tax liability attributable to this payment was error. The issue of the tax liability incurred due to the bonus payment and whether the checks were counted twice during valuation of the marital estate (including whether, as Respondent argues, such a counting has essentially a *de minimus* effect on the law firm's valuation), are for the trial court's consideration upon remand.

### Child Support

¶ 16 Petitioner argues the monthly child support order requires reversal because Respondent's figures show the parties' remaining minor child's needs are not as high as the amount indicated for a child under the Child Support Guideline Schedule, of Basic Child Support Obligations (Guidelines) set forth in 43 O.S.2000 § 119. Petitioner's argument ignores the trial court's finding child's standard of living had decreased since entry of the divorce. "The Child Support Guidelines are not optional." *Carr v. Carr,* 1992 OK 106, ¶ 10, 834 P.2d 970, 973. There is a rebuttable presumption the amount derived by following the child support guidelines is the correct amount of support. 43 O.S.Supp.2009 § 118 (A). Any deviation from the amount under the Guidelines must be supported by "specific findings of fact." 43 O.S.Supp.2009 § 118H (C).

¶ 17 The trial court found Petitioner's gross monthly income was $16,147.00 and Respondent's was $3,375.00. Under the

---

3. Petitioner suggests Respondent might also pursue recoupment from her own insurance carrier. However, the evidence of the debt shows the $879.33 balance is what remained after insurance was paid and the coverage was reduced because the hospital was an "out of network" provider.

4. This balance was the net on a $7,404.90 after deductions of a preferred provider adjustment, an insurance payment, and two items totaling $125 labeled "patient payment-check"

Guidelines, "[if] combined gross monthly income exceeds Fifteen Thousand Dollars ($15,000.00), the child support *shall be* that amount computed for a monthly income of Fifteen Thousand Dollars ($15,000.00) and an additional amount determined by the court." (Emphasis added.) The base amount of support for one child with combined parental gross income of $15,000.00 is $1,372 per month.

¶18 Pursuant to 43 O.S.Supp.2006 § 120 (A), "[a] child support computation form *shall be* signed by the judge and incorporated *as a part of all orders* which establish or modify a child support obligation." (Emphasis added.) The trial court record contains no judge-signed child support computation form reflecting the modification.[5] This form must be completed. The order is reversed and remanded for compliance with this statutory mandate.

¶19 Further, the shared custody of the parties' remaining minor child was not affected by the order on appeal.[6] An apparent consequence of the failure to use the child support computation form is that the order on appeal also does not reflect any of the parenting time adjustments provided for in 43 O.S.Supp.2009 § 118D. It does not address how such adjustments may or may not have been appropriate, or give specific factual findings explaining how Petitioner's $800 per month obligation is derived, especially in light of the finding of the relative percentages of incomes as 82.7% for Petitioner and 17.3% for Respondent and the Guideline's minimum support amount for parties with over $15,000 in combined gross income. The order modifying the amount of Petitioner's monthly child support obligation to $800.00 is reversed for failing to comply with applicable law.

## CONCLUSION

¶20 The inclusion of good will as marital property was error and resulted in a division of marital property which constituted an abuse of discretion. The award of alimony in lieu of property division is reversed and the marital property division is remanded for recalculation. In addition, the child support awarded is reversed for failing to comply with applicable statutes. In all other respects, *i.e.*, the classification of the two hospital debts and the marital nature of the loan used for the parties' 2002 tax obligation, the trial court's findings are affirmed. Petitioner's request for appellate attorney fees and costs is denied. **AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

BELL, C.J., and HANSEN, J., concur.

---

5. The transmitted appellate record lacks *any* judge-signed copy of a child support computation form. The form with the December 27, 2005 Journal Entry of Decree of Dissolution of Marriage is signed only by Respondent's counsel.

6. The December 27, 2005 Journal Entry of Decree of Dissolution of Marriage child support computation form used shared parenting adjustments.